UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LEONARD THOMAS WALKER

    Petitioner,

v.                                           Case No. 5:13-cv-287-Oc-30PRL

WARDEN, FCC COLEMAN- MEDIUM,

    Respondent.
_____

## ORDER DISMISSING PETITION

Petitioner, *pro se*, is a federal prisoner at the Coleman Federal Correctional Complex within this district. Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he challenges his convictions and sentences imposed in the Northern District of Florida. *See United States v. Walker*, case no. 3:96-cr-76.[1] Petitioner seeks to "dismiss the indictment" in his criminal case. Petitioner also seeks an order vacating the criminal judgment, nullifying his sentences, and immediate release from incarceration. *See* Doc. 1.

### Discussion

In the Petition, the Petitioner attacks the validity of his convictions and sentences rather than the means of execution. Petitioner unsuccessfully pursued relief under 28 U.S.C. § 2255 in the sentencing court.[2] Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive

---

[1] A grand jury returned a two count indictment charging the Petitioner with conspiracy to possess with the intent to distribute cocaine and crack cocaine and possession of cocaine and crack cocaine. Petitioner was convicted of both counts, after a jury trial. Petitioner was sentenced to a term of life imprisonment. His convictions and sentences were affirmed on appeal.

[2] *See* case no. 3:96-cr-76 at Docs. 70, 75, and 85.

petition. *See* 28 U.S.C. § 2255.  However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241.  Section 2255(e) states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, <u>or that such court denied him relief</u>[.]"

To the extent that the Petition may be liberally construed as suggesting that Petitioner is entitled to relief under the § 2255 "savings clause,"[3] his arguments are unavailing. Petitioner has identified no applicable Supreme Court decision that would open the door to relief under the savings clause.

## Conclusion

Accordingly, the Petition under 28 U.S.C.§ 2241 (Doc. 1) is **DISMISSED** prior to service.  *See* Habeas Rule 4 ("it plainly appears from the petition . . . that the petitioner is not entitled to relief...,").  Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.  The Clerk is directed to dismiss the Petition, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Under limited circumstances, a Petitioner may invoke the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion under § 2255 is inadequate or ineffective to test the legality of [the applicant's] detention."  *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).